24CA1432 Peo in Interest of Robinson 10-17-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1432
Pueblo County District Court No. 24MH30059
Honorable Timothy O'Shea, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

v.

In the Interest of Benjamin Dane Robinson,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE SCHUTZ
Tow and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1     Respondent, Benjamin Dane Robinson, appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (CMHHIP), or any other designated facility, to involuntarily administer medication to him.  We affirm.

## I.     Background

¶ 2     Robinson was committed to CMHHIP for competency restoration in a criminal case.  He was diagnosed with schizoaffective disorder and presented with symptoms that included paranoia, delusional thinking, grandiosity, and intermittently agitative behaviors.  Robinson, who has a history of medication noncompliance, was previously restored to competency at CMHHIP on a combination of Abilify and Lithium.  However, since his current admission he has refused to take any antipsychotic or mood stabilizing medications.

¶ 3     The People filed a petition seeking the involuntary administration of Abilify, Abilify Maintena, Lithium, and Zyprexa (olanzapine), as well as any lab work to monitor the medications.  The Zyprexa (olanzapine) was requested for use only if Robinson refused to take Abilify orally.

1

¶ 4     The district court held an evidentiary hearing on the petition. Dr. Hareesh Pillai, the CMHHIP staff psychiatrist overseeing Robinson's care, testified, as did Robinson. At the end of the hearing, the court found that Dr. Pillai had testified "credibly and persuasively," and concluded that the People had proved all four elements set forth in *People v. Medina*, 705 P.2d 961 (Colo. 1985). The court issued an order authorizing CMHHIP staff to administer the requested medications to Robinson against his will.

## II.     Discussion

¶ 5     Robinson concedes that the People met their burden of proving, by clear and convincing evidence, the first three *Medina* factors. He contends, however, that the evidence presented at the hearing was insufficient to prove the fourth *Medina* factor: that his need for treatment is sufficiently compelling to override his bona fide and legitimate interest in refusing treatment. We are not persuaded.

### A.     Applicable Law and Standard of Review

¶ 6     A district court may order the involuntary administration of medication to a patient only if the People prove, by clear and convincing evidence, each of the four factors outlined in *Medina*:

2

(1) the patient is incompetent to effectively participate in the treatment decision;

(2) treatment by antipsychotic medication is necessary to prevent a significant and likely long-term deterioration in the patient's mental condition or to prevent the likelihood of the patient's causing serious harm to himself or others in the institution;

(3) a less intrusive treatment alternative is not available; and

(4) the patient's need for treatment by antipsychotic medication is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing treatment.

¶ 7     *Id.* at 973.  A psychiatrist's testimony may suffice to meet this burden.  *See People v. Pflugbeil,* 834 P.2d 843, 847 (Colo. App. 1992).

¶ 8     When a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we review the district court's legal conclusions de novo but defer to its findings of fact if they have record support.  *People v. Marquardt,* 2016 CO 4, ¶ 8.  We view the evidence as a whole and in the light most favorable to the People to determine if it is sufficient to support the district court's order.  *People in Interest of R.K.L.,* 2016 COA 84, ¶ 13.  If it is, we

may not substitute our judgment for that of the district court. *See People in Interest of A.J.L.*, 243 P.3d 244, 255 (Colo. 2010).

### B. Fourth *Medina* Factor

¶ 9 The fourth *Medina* factor requires a court to first determine "whether the patient's refusal is bona fide and legitimate." *Medina*, 705 P.2d at 974. If so, the court must determine "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Id.*

¶ 10 The district court found that Robinson has a bona fide and legitimate interest in refusing treatment based on his sincere religious beliefs. However, the court also found that Robinson's "prognosis, absent the medication, is so unfavorable that his personal preference to not be medicated must yield to the legitimate interest the state has in preserving his life and health." The record supports these findings.

¶ 11 Dr. Pillai testified that without the requested medications Robinson "displays overt symptoms of his mental illness," which "influences his thinking and his behavior," and including

"disorganization, illogical thinking, and grandiose delusions." Dr. Pillai explained that Robinson is "currently on the suicide 1 precautions and assault 1 precautions" unit and "last week he was documented to use racial slurs and profanity towards staff, and then he made comments of feeling hopeless and helpless." Dr. Pillai added that "there were some staff reports over the weekend that he was antagonizing some peers on the unit and required frequent redirection."

¶ 12 These recent symptoms were consistent with the types of aggressive and assaultive behaviors that Robinson exhibited upon his 2019 hospitalization, which led to him being isolated and restrained at that time until he was stabilized on medication. And it was Dr. Pillai's opinion that without the requested medications Robinson's mental condition would likely, and significantly, continue to deteriorate long-term.

¶ 13 During Robinson's 2019 admission at CMHHIP, these same medications — namely, Abilify and Lithium — which were prescribed and administered at Robinson's request, improved his mental state "significantly" and "he did well." Dr. Pillai testified that the requested medications did create the potential for adverse side

effects but when Robinson took them in the past, they were "not very intrusive to him as he did not have significant side effects." Dr. Pillai also explained how Robinson would be monitored for any potential new side effects once he started the requested medication regimen. And Dr. Pillai testified that there was not an alternative method of treating Robinson that would be both effective and less intrusive than the requested medications.

¶ 14 Robinson asserts that the district court failed to support its findings by pointing to any specific evidence from the hearing and therefore failed to specifically balance the state's interest in forcibly medicating him against his interest in refusing the medications. But the court cited Dr. Pillai's testimony regarding Robinson's "symptoms without the medication" as well as his testimony that Robinson's "symptoms were alleviated to a great degree with these very medications in 2019." These findings provide record support for the court's conclusion that Robinson's "liberty interest in not being forced to take [the requested medication] over his objection" must yield to "the State's interest in treating [him]." Moreover, the court credited Dr. Pillai's testimony, finding it both credible and persuasive.

¶ 15    Even if it would have been better practice for the district court to identify additional evidence in support of its findings, where, as here, the record contains support for the court's findings, we will not disturb them. *See People in Interest of Ramsey*, 2023 COA 95, ¶ 57 (evidence was sufficient to satisfy the fourth factor where the physician testified that taking the requested medication to treat respondent's mental illness was an "essential need" and the failure to treat her "would be more harmful than the potential side effects of the medications").

¶ 16    The district court found that Robinson's religious concerns are bona fide and legitimate. But a patient's religious beliefs or practices do not give them absolute authority to reject necessary treatment. Rather, in cases such as this, they "must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Medina*, 705 P.2d at 974.

¶ 17    Because the record supports the district court's findings, we conclude that it did not err by finding that any concern Robinson might have in refusing the requested medication was overridden by

7

his sufficiently compelling need for treatment.  *See R.K.L.*, ¶¶ 13, 30.

### III.  Disposition

¶ 18    The order is affirmed.

JUDGE TOW and JUDGE PAWAR concur.